# Exhibit A

## IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT
## IN AND FOR ORANGE COUNTY, FLORIDA

### CASE NO.

ALBERTO SILVA and MICHAEL ROBERSON,
individually and on behalf of all others similarly situated,       **CLASS ACTION**

      Plaintiffs,                        **JURY TRIAL DEMANDED**

v.

FLORIDA TECHNICAL COLLEGE, INC.,
NATIONAL COLLEGE OF BUSINESS AND
TECHNOLOGY COMPANY, INC. d/b/a NUC UNIVERSITY,
JAMES M. BURKETT, and VIVIAN CORONELL,

      Defendants.
_____/

### CLASS ACTION COMPLAINT

Plaintiffs Alberto Silva ("**Silva**") and Michael Roberson ("**Roberson**") bring this class action against Defendants Florida Technical College, Inc. ("**FTC**"), National College of Business and Technology Company, Inc. d/b/a NUC University ("**NUC University**"), James M. Burkett ("**Burkett**"), and Vivian Coronell ("**Coronell**"), and allege as follows upon personal knowledge as to Plaintiffs' and Plaintiffs' own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiffs' attorneys.

### NATURE OF THE ACTION

1.      This is a class action under the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq*. ("TCPA"), and the Florida Telephone Solicitation Act ("FTSA"), Fla. Stat. § 501.059.

2.      To market its services, Defendants engage in unsolicited text messaging, including to individuals who have demanded for Defendants to stop calling them, and to those who have not provided Defendants with their prior express written consent as required under the FTSA.

1

3.     Defendants' telephonic sales calls have caused Plaintiffs and the Class members harm, including violations of their statutory rights, statutory damages, annoyance, nuisance, and invasion of their privacy.

4.     Through this action, Plaintiffs seek an injunction and statutory damages on behalf of themselves and the Class members, as defined below, and any other available legal or equitable remedies resulting from the unlawful actions of Defendants.

## PARTIES

5.     Plaintiff Roberson is, and at all times relevant hereto was, a citizen and resident of Orange County, Florida. Plaintiff Roberson is, and at all times relevant hereto was, an individual and a "called party" as defined by Fla. Stat. § 501.059(1)(a) in that he was the regular user of cellular telephone number that received Defendants' telephonic sales calls.

6.     Plaintiff Silva is, and at all times relevant hereto was, a citizen and resident of Orange County, Florida. Plaintiff Silva is, and at all times relevant hereto was, an individual and a "called party" as defined by Fla. Stat. § 501.059(1)(a) in that he was the regular user of cellular telephone number that received Defendant's telephonic sales calls.

7.     Defendant FTC is, and at all times relevant hereto was, a Florida corporation and a "telephone solicitor" as defined by Fla. Stat. § 501.059(f).

8.     Defendant NUC University is, and at all times relevant hereto was, a Florida corporation and a "telephone solicitor" as defined by Fla. Stat. § 501.059(f).

9.     Defendant Burkett is, and at all times relevant hereto was, a citizen and resident of Orange County, Florida.

10.     Defendant Coronell is, and at all times relevant hereto was, a citizen and resident of Orange County, Florida.

2

## JURISDICTION AND VENUE

11.    This Court has subject matter jurisdiction pursuant to Florida Rule of Civil Procedure 1.220 and Fla. Stat. § 26.012(2). The matter in controversy exceeds the sum or value of $30,000 exclusive of interest, costs, and attorney's fees.

12.    Defendants are subject to personal jurisdiction in Florida because they are incorporated and headquartered in Florida, and reside in Florida.

13.    Venue for this action is proper in this Court pursuant to Fla. Stat. § 47.051 because the cause of action accrued in this County.

## FACTS SPECIFIC TO PLAINTIFF SILVA

14.    As reflected by the following screenshots, Defendants continue to text message Plaintiff Silva with text message advertisements even after repeated requests by Plaintiff Silva for the messages to "Stop":





Tuesday, November 3, 2020

FTC College: let's Get Back To Work. FTCares Reemployment Event- RSVP Your FREE Ticket Here
t.zipy.us/obh9a Txt STOP to OptOut
11:36 AM

Friday, November 6, 2020

FTC College: We Wants To Help You Get Back To Work. FTCares Reeployment Event Happening Next Week. Register Now!
t.zipy.us/odG4f Txt STOP to OptOut
2:01 PM

Tuesday, December 15, 2020

FTC College: Learn about our new ECPP where you can earn your high school diploma and enroll at FTC! Learn More Here ->
t.zipy.us/oH4Jv Txt STOP to OptOut
11:02 AM



Tuesday, December 15, 2020

FTC College: Learn about our new ECPP where you can earn your high school diploma and enroll at FTC! Learn More Here ->
t.zipy.us/oH4Jv Txt STOP to OptOut
11:02 AM

Wednesday, December 23, 2020

FTC College: Get your high school diploma and enroll in Medical Assistant, HVAC/R w/ PLC, or Culinary Arts!
https://t.zipy.us/oMupN Txt STOP to OptOut
10:30 AM

Monday, December 28, 2020

FTC College: Complete your high school diploma at FTC while working towards your FTC credential!
https://t.zipy.us/oOeM4 Txt STOP to OptOut
11:01 AM

Wednesday, January 6, 2021



Wednesday, December 23, 2020

FTC College: Get your high school diploma and enroll in Medical Assistant, HVAC/R w/ PLC, or Culinary Arts! https://t.zipy.us/oMupN Txt STOP to OptOut

10:30 AM

Monday, December 28, 2020

FTC College: Complete your high school diploma at FTC while working towards your FTC credential! https://t.zipy.us/oOeM4 Txt STOP to OptOut

11:01 AM

Wednesday, January 6, 2021

FTC College:NEW Eligible Career Pathway Program provides the tools and training to earn your high school diploma https://t .zipy.us/oQZdJ Txt STOP to OptOut

1:32 PM

Wednesday, January 13, 2021

Wednesday, January 6, 2021

FTC College:NEW Eligible Career Pathway Program provides the tools and training to earn your high school diploma https://t .zipy.us/oQZdJ Txt STOP to OptOut

1:32 PM

Wednesday, January 13, 2021

FTC College: Learn about our new ECPP where you can earn your high school diploma and enroll at FTC! Learn More https://t.zipy.us/oTh5z Txt STOP to OptOut

1:01 PM

Wednesday, January 20, 2021

FTC College: Get your high school diploma and enroll in Medical Assistant, HVAC/R w/ PLC, or Culinary Arts! https://t.zipy.us/oVLOQ Txt STOP to OptOut

10:01 AM

Monday, January 25, 2021

5



FTC College: Learn about our new ECPP where you can earn your high school diploma and enroll at FTC! Learn More https://t.zipy.us/oTh5z  Txt STOP to OptOut
1:01 PM

Wednesday, January 20, 2021

FTC College: Get your high school diploma and enroll in Medical Assistant, HVAC/R w/ PLC, or Culinary Arts! https://t.zipy.us/oVLOQ  Txt STOP to OptOut
10:01 AM

Monday, January 25, 2021

FTC College:Here is your chance to ask questions to former Miami Dolphins players at our live Q&A session! https://t.zipy.us /oXRFC  Txt STOP to OptOut
2:06 PM

Wednesday, January 27, 2021

Monday, January 25, 2021

FTC College:Here is your chance to ask questions to former Miami Dolphins players at our live Q&A session! https://t.zipy.us /oXRFC  Txt STOP to OptOut
2:06 PM

Wednesday, January 27, 2021

FTC College: Complete your high school diploma at FTC while working towards your FTC credential! https://t.zipy.us/oYvve  Txt STOP to OptOut
10:28 AM

Wednesday, February 3, 2021

FTC College:Learn about our new ECPP where you can earn your high school diploma and enroll at FTC! Learn More https://t.zipy.us/p1cHB  Txt STOP to OptOut
11:01 AM

FTC College: Don't miss our live Q&A session with former



FTC College: Don't miss our live Q&A session with former Miami Dolphins players tomorrow at 12 pm. Event Here https://t.zipy.us/p1NBN  Txt STOP to OptOut
7:04 PM

Wednesday, February 10, 2021

FTC College: Get your high school diploma and enroll in Medical Assistant, HVAC/R w/ PLC, or Culinary Arts! https://t.zipy.us/p4KS0  Txt STOP to OptOut
12:01 PM

Wednesday, February 17, 2021

FTC College: Complete your high school diploma at FTC while working towards your FTC credential! https://t.zipy.us/p8uOo  Txt STOP to OptOut
11:01 AM

Wednesday, February 24, 2021



Wednesday, February 23, 2022

FTC College:Earn your high school diploma on campus while taking college courses that work towards your career https://t.zipy.us/rJPUx  Txt STOP to OptOut
10:19 AM

Wednesday, March 9, 2022

FTC College: Earn your high school diploma and take college courses at your own pace and at no cost to you! https://t.zipy.us/rOElu  Txt STOP to OptOut
11:40 AM

NETWORK MSG: You replied with the word "stop" which blocks all texts sent from this number.

Text back "unstop" to receive messages again.
11:41 AM

11:42 AM  Stop

7



Wednesday, February 24, 2021

FTC College:NEW Eligible Career Pathway Program provides the tools and training to earn your high school diploma https://t.zipy.us/pcAUO Txt STOP to OptOut
11:30 AM

Wednesday, March 3, 2021

FTC College:New year, new opportunities! FTC wants to help you reach your academic and professional goals! https://t.zipy.us/pgqfL Txt STOP to OptOut
10:01 AM

Wednesday, March 10, 2021

FTC College: FTCs Eligible Career Pathway Program gives you the opportunity to accomplish your career goals! https://t.zipy.us/piYPx Txt STOP to OptOut
11:02 AM

Wednesday, March 17, 2021

Wednesday, March 17, 2021

FTC College: Earn your high school diploma and take college courses at your own pace and at no cost to you! Go https://t.zipy.us/pmhIC Txt STOP to OptOut
11:03 AM

Wednesday, March 24, 2021

FTC College: Start 2021 off by achieving your career goals with FTCs Eligible Career Pathway Program! Go to https://t.zipy.us/ppbxp Txt STOP to OptOut
11:01 AM

Wednesday, April 7, 2021

FTC College:New year,new opportunities! FTC wants to help you reach your academic and professional goals! Go to https://t.zipy.us/pwbj0 Txt STOP to OptOut
11:36 AM

Wednesday, April 14, 2021

8



Wednesday, April 14, 2021

FTC College:FTCs Eligible
Career Pathway Program
gives you the opportunity to
accomplish your career goals!
Go
https://t.zipy.us/pzSlW  Txt
STOP to OptOut
11:01 AM

Wednesday, April 21, 2021

FTC College:Earn your high
school diploma and take
college courses at your own
pace and at no cost to you! Go
https://t.zipy.us/pCJkZ  Txt
STOP to OptOut
10:04 AM

Wednesday, May 5, 2021

FTC College:New year,new
opportunities! FTC wants to
help you reach your academic
and professional goals! Go to
https://t.zipy.us/pJFQg  Txt
STOP to OptOut
11:29 AM

Wednesday. May 12, 2021

Wednesday, May 12, 2021

FTC College:FTCs Eligible
Career Pathway Program
gives you the opportunity to
accomplish your career goals!
Go
https://t.zipy.us/pMJez  Txt
STOP to OptOut
11:32 AM

Wednesday, May 19, 2021

FTC College:Earn your high
school diploma and take
college courses at your own
pace and at no cost to you! Go
https://t.zipy.us/pQ7Un  Txt
STOP to OptOut
11:34 AM

Wednesday, June 2, 2021

FTC College: 2021 new
opportunities! FTC wants to
help you reach your academic
and professional goals! Go to
https://t.zipy.us/pXnWT  Txt
STOP to OptOut
10:03 AM

Thursday, August 5, 2021



Thursday, August 5, 2021

FTC College: 2021 new opportunities! FTC wants to help you reach your academic and professional goals! Go to https://t.zipy.us/qrMlI Txt STOP to OptOut

10:04 AM

Monday, September 13, 2021

FTC College: 2021 new opportunities! FTC wants to help you reach your academic and professional goals! Go to https://t.zipy.us/qHUOP Txt STOP to OptOut

10:02 AM

Monday, November 22, 2021

FTC College: Earn your high school diploma and take college courses at your own pace and at no cost to you! https://t.zipy.us/r9Tgw Txt STOP to OptOut

2:45 PM

Monday, November 29, 2021



Monday, November 29, 2021

FTC College:Earn your high school diploma on campus while taking college courses that work towards your career https://t.zipy.us/rcONl Txt STOP to OptOut

9:12 AM

Tuesday, December 7, 2021

FTC College: Earn your high school diploma and take college courses at your own pace and at no cost to you! https://t.zipy.us/rgvh8 Txt STOP to OptOut

10:32 AM

Tuesday, December 14, 2021

FTC College:Earn your high school diploma on campus while taking college courses that work towards your career https://t.zipy.us/rmPTo Txt STOP to OptOut

10:34 AM

Wednesday, January 12, 2022

10



15.     At the time Plaintiff Silva received these messages, he was the subscriber and sole user of the number that received Defendants' messages.

16.     Plaintiff Silva primarily uses his cellular telephone as a personal and residential phone.

17.     Defendants' text messages constitute telemarketing, advertising, or solicitations because they promote Defendant's business, goods and services.

18.     As demonstrated above, Plaintiff Silva requested multiple times for Defendants to stop contacting his cellular telephone.

19.     Notwithstanding, Plaintiff Silva continued to receive unsolicited text messages from Defendants.

20.     Plaintiff Silva never provided Defendants with express written consent authorizing Defendants to transmit telephonic sales calls to Plaintiff's cellular telephone number utilizing an automated system for the selection or dialing of telephone numbers.

11

21.     Plaintiff Silva revoked any consent he may have provided by repeatedly asking Defendants to "Stop" text messaging him.

22.     Defendants' unsolicited text message caused Plaintiff Silva harm, including invasion of privacy, aggravation, annoyance, and wasted time. Further, Defendant violated Plaintiff Silva's substantive rights under the TCPA and FTSA to remain free of unsolicited calls.

### FACTS SPECIFIC TO PLAINTIFF ROBERSON

23.     As reflected by the following screenshots, Defendants continue to bombard Plaintiff Roberson's cellular telephone with telephonic sales calls:











24.    Defendants' text messages constitute telemarketing, advertising, or solicitations because they promote Defendants' business, goods and services.

25.    At the time Plaintiff Roberson received these messages, Plaintiff Roberson was the subscriber and sole user of the number that received Defendants' messages.

26.    Plaintiff Roberson primarily uses his cellular telephone as a personal and residential phone.

27.     Plaintiff Roberson never provided Defendants with express written consent authorizing Defendants to transmit telephonic sales calls to Plaintiff Roberson's cellular telephone number utilizing an automated system for the selection or dialing of telephone numbers.

28.     Defendants' unsolicited text message caused Plaintiff Roberson harm, including invasion of privacy, aggravation, annoyance, and wasted time. Further, Defendants violated Plaintiff Roberson's substantive rights under the TCPA and FTSA to remain free of unsolicited calls.

### FACTS APPLICALE TO ALL PLAINTIFFS AND THE CLASS MEMBERS

29.     The text message solicitations sent to Plaintiffs and the Class members were sent for the benefit of and to generate revenue for Defendants FTC and NUC University

30.     The text message solicitations sent to Plaintiffs and the Class members were personally reviewed and authorized by Defendant Burkett in the course and scope of his employment with Defendants FTC and NUC University.

31.     The text message solicitations sent to Plaintiffs and the Class members were personally transmitted by Defendant Coronell in the course and scope of her employment with Defendants FTC and NUC University.

32.     Defendants have no policies or procedures in place to comply with the TCPA and FTSA.

33.     In fact, Angelica Torres, head of compliance for Defendants FTC and NUC University, has never heard of the TCPA.

34.     Defendants do not maintain an internal do-not-call list.

35.     Defendants do not have a written policy, available upon demand, for maintaining a do-not-call list.

36.     Defendant Burkett and Defendant Coronell have never been informed and on the existence and use of any do-not-call list.

37.     Defendants do not record consumer opt-out requests and do not honor consumer do-not-call requests. Consequently, Defendants continue to send text message solicitations to consumers after "stop" requests from consumers.

38.     During the relevant time frame, Defendants caused over 1 million text message solicitations to be sent to consumers in Florida.

39.     Defendants failed to secure express written consent from Plaintiffs and the Class members.

40.     To transmit the telephonic sales text message calls to Plaintiffs and the Class members, Defendants used a messaging platform provided by Trumpia d/b/a DoCircle (the "Platform"), which permitted Defendant to transmit thousands of text messages automatically and without any human involvement utilizing the Platform's "Mass Texting" feature, a "messaging technique that allows you to send large quantities of text messages s (also known as SMS) to multiple subscribers instantly."[1]

41.     The Platform has the capacity to select and dial numbers automatically from a list of numbers.

42.     The Platform has the capacity to schedule the time and date for future transmission of text messages.

43.     The Platform also has an auto-reply function that results in the automatic transmission of text messages.

---

[1] www.trumpia.com/product/core-features/mass-texting.

44.     Defendant was not required to and did not need to utilize the Platform to send messages to Plaintiff and the Class members. Instead, Defendants opted to use the Platform to maximize the reach of its text message advertisements at a nominal cost to Defendants.

45.     Defendants would be able to conduct their business operations without sending automated text messages to consumers.

46.     Defendants would be able to send automated text messages to consumers, and in compliance with the FTSA, by securing the proper consent from consumers prior to sending text messages.

47.     Defendants would be able to send text messages to consumers without consent by utilizing a non-automated text messaging system.

48.     Accordingly, it is not impossible for Defendants to comply with the FTSA in the context of transmitting text messages.

49.     The burden and cost to Defendants of securing consent from consumers that complies with the FTSA is nominal.

50.     Compliance with the FTSA will not result in Defendants having to cease their business operations.

51.     Compliance with the FTSA will not result in Defendants having the alter their prices of any goods or services it provides in the marketplace.

52.     Compliance with the FTSA will not force Defendants to seek regulatory approval from the State of Florida before undertaking any type of commercial transaction.

53.     Because a Defendants' FTSA violations occurred in Florida, requiring Defendants' compliance with the FTSA will not have the practical effect of regulating commerce occurring wholly outside of Florida.

## CLASS ALLEGATIONS

**PROPOSED CLASSES**

54.     Plaintiffs bring this lawsuit as a class action on behalf of themselves individually

and on behalf of all other similarly situated persons as a class action pursuant to Florida Rule of

Civil Procedure 1.220(b)(2) and (b)(3). The Classes that Plaintiffs seek to certify and represent are

as follows:

> **INTERNAL DNC CLASS**: **All persons within the United States
> who, within the four years prior to the filing of this Complaint
> through the date of class certification, (1) received two or more
> text messages within any 12-month period, (2) encouraging the
> purchase or rental of, or investment in, Defendant's property,
> goods, or services, (3) to said person's residential telephone
> number.**
>
> **FTSA CLASS: All persons in Florida and/or Florida residents who,
> (1) were sent a telephonic sales call regarding Defendant's goods
> and/or services, (2) using the same equipment or type of equipment
> utilized to call Plaintiff, (3) since July 1, 2021 through the date of
> class certification.**

55.     Defendants and their employees or agents are excluded from the Classes.

**NUMEROSITY**

56.     Defendant have placed over 1 million telephonic sales calls to consumers

throughout Florida. The members of the Classes, therefore, are so numerous that joinder of all

members is impracticable.

57.     Identification of the Class members is a matter capable of ministerial determination

from Defendants' call records.

## COMMON QUESTIONS OF LAW AND FACT

58.     There are numerous questions of law and fact common to the Classes which predominate over any questions affecting only individual members of the Classes. Among the questions of law and fact common to the Classes are:

      a)  Whether Defendants' conduct was knowing and willful;

      b)  Whether Defendant initiated telephonic sales calls to Plaintiffs and the Class members;

      c)  Whether Defendants can meet its burden of showing that it had prior express written consent to make such calls;

      d)  Whether Defendants maintain an internal do-not-call list and instruct their employees on how to use the list;

      e)  Whether Defendants honor consumers' opt-out requests;

      f)  Whether Defendants are liable for damages, and the amount of such damages; and

      g)  Whether Defendants should be enjoined from such conduct in the future.

59.     The common questions in this case are capable of having common answers, and Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

## TYPICALITY

60.     Plaintiffs' claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

<u>**PROTECTING THE INTERESTS OF THE CLASS MEMBERS**</u>

61.     Plaintiffs are representatives who will fully and adequately assert and protect the interests of the Classes and have retained competent counsel. Accordingly, Plaintiffs are adequate representatives and will fairly and adequately protect the interests of the Class.

<u>**SUPERIORITY**</u>

62.     A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit because individual litigation of the claims of all members of the Classes is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Classes are in the millions of dollars, the individual damages incurred by each member of the Classes resulting from Defendants' wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Classes could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

63.     The prosecution of separate actions by members of the Classes would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendants. For example, one court might enjoin Defendants from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Classes, although certain class members are not parties to such actions.

**COUNT I**
<u>**Violations of 47 U.S.C. § 227 and 47 C.F.R. § 64.1200**</u>
**(On Behalf of Plaintiff Silva and the Internal DNC Class)**

64.     Plaintiff Silva re-alleges and incorporates paragraphs 1-63 as if fully set forth herein.

65.     In pertinent part, 47 C.F.R. § 64.1200(d) provides:

No person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet the following minimum standards:

(1) *Written policy*. Persons or entities making calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list.

(2) *Training of personnel engaged in telemarketing*. Personnel engaged in any aspect of telemarketing must be informed and trained in the existence and use of the do-not-call list.

(3) *Recording, disclosure of do-not-call requests.* If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not-call list at the time the request is made. Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request. If such requests are recorded or maintained by a party other than the person or entity on whose behalf the telemarketing call is made, the person or entity on whose behalf the telemarketing call is made will be liable for any failures to honor the do-not-call request. A person or entity making a call for telemarketing purposes must obtain a consumer's prior express permission to share or forward the consumer's request not to be called to a party other than the person or entity on whose behalf a telemarketing call is made or an affiliated entity.

66.     Pursuant to 47 C.F.R § 64.1200(e), the rules set forth in 47 C.F.R. § 64.1200(d) are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers.

67.     Plaintiff Silva and the Internal DNC Class members made requests to Defendants not to receive future text message solicitations from Defendants.

22

68.     Defendants failed to honor Plaintiff Silva's and the Internal DNC Class members' opt-out requests.

69.     As outlined in detail above, Defendants have violated the requirements of section 64.1200(d) by failing to (1) maintain the required written policies; (2) provide any training to their personnel engaged in telemarketing; and (3) maintain an internal do-not-call list and honor consumer opt-out requests.

70.     Pursuant to section 227(c)(5) of the TCPA, Plaintiff Silva and the Internal DNC Class members are entitled to an award of $500.00 in statutory damages, for each text message sent by Defendants.

71.     Plaintiff Silva and the Internal DNC Class members also seek injunctive relief prohibiting Defendants' illegal conduct in the future, pursuant to section 227(c)(5).

72.     Plaintiff Silva requests for this Court to enter an Order granting the relief outlined in the Prayer for Relief below.

**COUNT II**
**VIOLATION OF FLA. STAT. § 501.059**
**(On Behalf of Plaintiffs and the FTSA Class)**

73.     Plaintiff Silva and Plaintiff Roberson re-allege and incorporate paragraphs 1-63 as if fully set forth herein.

74.     It is a violation of the FTSA to "make or knowingly allow a telephonic sales call to be made if such call involves an automated system for the selection or dialing of telephone numbers or the playing of a recorded message when a connection is completed to a number called without the prior express written consent of the called party."  Fla. Stat. § 501.059(8)(a).

75.     A "telephonic sales call" is defined as a "telephone call, text message, or voicemail transmission to a consumer for the purpose of soliciting a sale of any consumer goods or services,

soliciting an extension of credit for consumer goods or services, or obtaining information that will or may be used for the direct solicitation of a sale of consumer goods or services or an extension of credit for such purposes." Fla. Stat. § 501.059(1)(i).

76.     "Prior express written consent" means an agreement in writing that:

1.   Bears the signature of the called party;

2.   Clearly authorizes the person making or allowing the placement of a telephonic sales call by telephone call, text message, or voicemail transmission to deliver or cause to be delivered to the called party a telephonic sales call using an automated system for the selection or dialing of telephone numbers, the playing of a recorded message when a connection is completed to a number called, or the transmission of a prerecorded voicemail;

3.   Includes the telephone number to which the signatory authorizes a telephonic sales call to be delivered; and

4.   Includes a clear and conspicuous disclosure informing the called party that:

a.   By executing the agreement, the called party authorizes the person making or allowing the placement of a telephonic sales call to deliver or cause to be delivered a telephonic sales call to the called party using an automated system for the selection or dialing of telephone numbers or the playing of a recorded message when a connection is completed to a number called; and

b.   He or she is not required to directly or indirectly sign the written agreement or to agree to enter into such an agreement as a condition of purchasing any property, goods, or services.

Fla. Stat. § 501.059(1)(g).

77.     Defendants failed to secure prior express written consent from Plaintiffs and the FTSA Class members.

78.     In violation of the FTSA, Defendants made and/or knowingly allowed telephonic sales calls to be made to Plaintiffs and the FTSA Class members without Plaintiffs' and the FTSA Class members' prior express written consent.

79.     Defendants made and/or knowingly allowed the telephonic sales calls to Plaintiffs and the FTSA Class members to be made utilizing an automated system for the selection or dialing of telephone numbers.

80.     As a result of Defendants' conduct, and pursuant to § 501.059(10)(a) of the FTSA, Plaintiffs and the FTSA Class members were harmed and are each entitled to a minimum of $500.00 in damages for each violation.

81.     Plaintiff Silva and Plaintiff Roberson request for this Court to enter an Order granting the relief outlined in the Prayer for Relief below.

**COUNT III**
**Injunctive Relief Pursuant to 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d)**
**(On Behalf of Plaintiff Silva and the Internal DNC Class)**

82.     Plaintiff Silva re-alleges and incorporates paragraphs 1-63 as if fully set forth herein.

83.     Pursuant to section 227(c)(5)(A), Plaintiff Silva seeks injunctive relief prohibiting Defendants' unlawful conduct in the future to protect the general public from Defendants' unsolicited calls and practices.

84.     Defendants' ongoing and continuing violations have caused, and in the absence of an injunction will continue to cause, harm to Plaintiffs and the Internal DNC Class members.

85.     Plaintiff Silva and the Internal DNC Class members suffer irreparable harm if Defendants are permitted to continue their practice of violating 47 C.F.R. § 64.1200(d).

86.     The injuries that the Plaintiff Silva and the Internal DNC Class members will suffer if Defendants are not prohibited from continuing to engage in the unlawful practices described herein far outweigh the harm that Defendants will suffer if it is enjoined from continuing this conduct.

87.     The public interest will be served by an injunction prohibiting Defendants from continuing to engage in the unlawful practices described herein.

88.     Accordingly, Plaintiff Silva and the Internal DNC Class members seek an injunction requiring Defendants to honor consumer opt-out requests related to its text messaging program, as well requiring Defendant to implement an internal Do-Not-Call, train its personnel on use of the list, and abide by the list.

89.     Plaintiff Silva requests for this Court to enter an Order granting the relief outlined in the Prayer for Relief below.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Silva and Plaintiff Roberson, individually and on behalf of the Classes, pray for the following relief:

a)  An order declaring that Defendants' actions, as set out above, violate the TCPA and FTSA;

b)  An order certifying this case as a class action on behalf of the Classes as defined above, and appointing Plaintiffs as the representative of the Classes and Plaintiffs' counsel as Class Counsel;

c)  An injunction prohibiting Defendants from initiating calls to telephone numbers that have opted out of Defendants' text messages, mandating Defendants to honor opt-out requests, and maintain and abide by an internal Do Not Call list.

d)  Statutory damages under the TCPA and FTSA on behalf of Plaintiffs and the members of the Classes for each text message sent in violation of the TCPA and FTSA.

e)  Such further and other relief as the Court deems necessary.

**JURY DEMAND**

Plaintiffs, individually and on behalf of the Classes, hereby demand a trial by jury.

**DOCUMENT PRESERVATION DEMAND**

Plaintiffs demand that Defendants take affirmative steps to preserve all records, lists, electronic

databases or other itemization of telephone numbers associated with the communications or transmittal

of the calls as alleged herein.

Dated:  April 4, 2022

Respectfully submitted,

**HIRALDO P.A.**

*/s/ Manuel S. Hiraldo*
Manuel S. Hiraldo, Esq.
Florida Bar No. 030380
401 E. Las Olas Boulevard
Suite 1400
Ft. Lauderdale, Florida 33301
Email: mhiraldo@hiraldolaw.com
Telephone: 954.400.4713

**EDWARDS POTTINGER LLC**
Seth M. Lehrman
Florida Bar No. 132896
425 North Andrews Avenue, Suite 2
Fort Lauderdale, Florida 33301
E-mail: seth@epllc.com
Telephone: 954-524-2820
Facsimile: 954-524-2822

**THE LAW OFFICES OF JIBRAEL
S. HINDI**
Jibrael S. Hindi, Esq.
Florida Bar No. 118259
110 SE 6th Street
Suite 1744
Ft. Lauderdale, Florida 33301